COEL, INC., Plaintiff and Appellee, *v.* POLICLÍNICA ARZUAGA, INC., Defendant and Appellant.

No. R-71-114.      Decided March 3, 1972.

*R. Elfren Bernier, Daniel L. Miranda,* and *Plinio Pérez Marrero*
for appellant. *Arnaldo Sánchez Recio* for appellee.

MR. JUSTICE RIGAU delivered the opinion of the Court.

We are dealing with a case under the Reasonable Rents
Act, Act No. 464 of April 25, 1946, as amended, 17 L.P.R.A.
§ 181 *et seq.* The defendant-appellant is the owner of a build-
ing located at 71 Arzuaga St., Río Piedras. The plaintiff-
appellee corporation occupied as lessee, commercial premises
in that building. This litigation arises from that landlord-
tenant relationship.

In the year 1948 the Office of Rent-Control Administra-
tion[1] fixed to the premises in question a $100 maximum
monthly rent. Although it is not clear in the record, we
understand that the plaintiff-appellee was not the tenant of
the premises during 1948. The record does show that in the
year 1962 the building referred to belonged to Mr. Norberto
Medina Vélez, who is not a party in this case. During the
hearing the plaintiff admitted that the aforesaid owner made

---

[1] Created by Act No. 416 of May 14, 1947, and successor of the
Office of Price Administration of Puerto Rico, created by Act No. 464 of
April 25, 1946, both predecessors of the subsequent Economic Stabilization
Administration created by Act No. 97 of June 19, 1953, and the Consumers
Service Administration, created by Act No. 148 of June 27, 1968.

some improvements to the building which consisted in changing the zinc roof to a cement roof and adding windows to it.

On June 26, 1962, after the improvements, the plaintiff-appellee executed a written contract, signed before a notary, with the owner-lessor Norberto Medina Vélez by which the plaintiff leased the aforesaid premises. It is stated in the said contract, in which the owner and the plaintiff appear, that the owner modified the building, that the parties have agreed to the lease of commercial premises on said building, premises described therein, that a $250 monthly rent is fixed, which rent the leasing corporation states that "is just and reasonable, according to the conditions and facilities of the leased premises." It was agreed that the lease would be in effect for one year with an extension of 4 additional years, for the same price and the said extension being at the option of the lessee.

Apparently, when the contract expired the lessee exercised its option and extended it. The plaintiff-appellee being already a tenant in the said building by virtue of the aforementioned contract, the defendant-appellant bought the property. The plaintiff remained being the new owner's tenant. After requesting the premises for its own use, on August 22, 1969, the new lessor brought an unlawful detainer proceeding because it needed in good faith the premises in question for itself. Several months later, on February 25, 1970, the plaintiff, at the time tenant of the defendant, requested the latter payment within 30 days of $3,000 which it alleged had been collected in excess for rent. Upon failing to obtain what was requested it sued the lessor on July 15, 1970, requesting $9,000 in triple damages plus $2,000 for attorney's fees and costs and expenses of the proceeding.

The trial court granted the claim and ordered the defendant-appellant to pay to the plaintiff $9,000 plus costs and $500 for attorney's fees. On May 12, 1971, we decided to review the said judgment. On January 17, 1972, we held the hearing in this case.

The defendant-appellant assigns the following three errors:

1. That the trial court erred in assuming jurisdiction in this case inasmuch as it was pending before the Consumers Service Administration the registration of the new rent fixed as per mutual agreement between the parties.

2. That the court erred in relying on the rent fixed in 1948.

3. That the court erred in refusing to make the additional findings of fact and conclusions of law which were requested from it.

Because the first and second errors are closely related between themselves, we will discuss them jointly.

From the record we can reconstruct the administrative history of the premises in question as follows: On October 19, 1948, the Office of Rent-Control Administration in a blank form of its predecessor, the Office of Price Administration, fixed at $100 monthly the rent for premises 46 feet long by 17 feet wide. In the year 1962, the owner of the property made the aforementioned improvements to the building. Once the improvements were made, on June 26, 1962, the plaintiff and the owner agreed to a $250 monthly rent and they executed the aforementioned contract.

There is an Order from the Consumers Service Administration of November 24, 1969, in which it is stated that the rent collected for the premises was $100 as per registration of October 19, 1948, and that that rent constitutes the maximum rent "until this Administration determines otherwise."

With a "Received" seal of January 14, 1970, of the Consumers Service Administration there is a blank form entitled "Registration Statement of Commercial Premises" filed by the lessor with that office in which it is stated that improvements were made and that the rent agreed upon after the improvements was $250 monthly. It was on July 15, 1970, that

the tenant, plaintiff-appellee herein, while occupying the premises pursuant to the contract signed by it on June 26, 1962, filed its complaint before the Superior Court. According to the contract and the findings of fact of the trial judge the premises in question measure approximately 60 feet long by 18 feet wide,[2] what constitutes a substantial increase in the area as compared to the original premises of 1948.

■ Finally, there is an order of June 21, 1971, of the Consumers Service Administration dismissing the case, "because there was no petition for review from the owner." This seems to be an error, inasmuch as after the aforementioned order of November 24, 1969, where it was said that the rent fixed in 1948 was $100 and that that would be the rent until it were determined otherwise, the owner presented his Registration Statement, received on January 14, 1970, informing the Consumers Service Administration of the improvements made and of the new rent agreed upon at $250 monthly. Upon receipt of that Registration Statement, made after the improvements and after a new rent had been agreed upon between the lessor and the lessee, the Administration should admit said Statement and accept the new conditions—improvements and new rent—or should have disapproved it if it had any legal reasons to do so. It was therefore inappropriate to subsequently dismiss the case "because there was no petition for review from the owner," inasmuch as there was one on January 14, 1970.

As we held in R & R Shoe Corporation v. García Rodríguez, 95 P.R.R. 560, 568 (1967), once the capital improvements were made the lessor and the lessee had the power to readjust the rent, that is, to fix it by mutual agreement—as they did in the case at bar. On the contrary, if any of the parties would have disagreed with the rent after the improve-

---

[2] The exact measurements according to the contract and to the findings of fact of the judge are: 61'9" x 17'7" x 59' x 20'.

ments, then it could resort to the Administration so that the latter would fix it.

■ The contract signed by the lessee in June 1962 establishes that the lessee agreed to the new rent. If it had not it could have resorted to the Administration for the latter to fix it. Not only did it accept it but at the expiration of the term of the contract it extended same at its option.

As is known, the Reasonable Rents Act has the purpose to guarantee reasonable rents and to prevent speculation in the business of renting dwellings and commercial or industrial premises. *Colón Vélez* v. *Lebrón*, 97 P.R.R. 149 (1969); *Pérez Mercado* v. *Peñagarícano*, 93 P.R.R. 719 (1966). In view of the increase in practically all economic lines which has taken place during the past fifteen or twenty years, to pretend to use the mechanisms of that Act in order to pay for commercial premises 60 feet long by 18 feet wide, in Río Piedras, the same $100 rent which was paid in that same place more than 21 years ago for premises 40 feet long by 17 wide does not appear reasonable to us. Particularly when the pretender used the said premises for several years and brings the claim after the owner defeated him at the trial to obtain the premises in good faith for his own use, judgment which we refused to review on June 30, 1970. The lessee filed suit against appellant on July 15, 1970. If the rents are not maintained in proportion to the maintenance costs—water pipes, electric installations, repairs, paint, etc.—the controlled zones tend to deteriorate and to become quasi-slums, detrimental condition to health and esthetics in urban life.

In view of the previous decision in *R & R Shoe Corp.* v. *García Rodríguez, supra,* and of the foregoing reasonings, we conclude that the first two errors assigned were committed. It becomes unnecessary to discuss the third. The judgment rendered in this case by the Superior Court, San Juan Part, on March 23, 1971, will be reversed.

Mr. Chief Justice and Mr. Justice Hernández Matos took no part in the decision of this case.